# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 8, 2011

## HOUSEHOLD FINANCIAL CENTER, INC. v. DARRELL KIRBY

**Appeal from the Circuit Court for Davidson County**
**No. 09C93      Joseph P. Brinkley, Jr., Judge**

_____

**No. M2011-01039-COA-R3-CV - Filed February 7, 2012**

_____

Lender appeals the trial court's decision awarding judgment in its favor for only part of the debt it claims to be owed by borrower. Finding no error in the trial court's factual findings and conclusions, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Christine Allen Bratten and Ronald Edwin Cunningham, Knoxville, Tennessee, for the appellant, Household Financial Center, Inc.

Darrell Kirby, Cookeville, Tennessee, Pro Se.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Darrell A. Kirby ("Borrower") entered into a Personal Credit Line Account Agreement with Household Financial Center, Inc. ("Lender") on March 13, 2006. The agreement describes the account as "a revolving line of credit" and designates a credit limit of $10,000. Under the agreement, if Lender loaned Borrower amounts over the credit limit, Borrower agreed to pay the excess amounts. Borrower promised to pay "(a) amounts borrowed under this Agreement; (b) Finance Charges, Administrative Charges . . . and other charges provided in this Agreement; (c) credit insurance charges, if any; (d) collection costs permitted by applicable law, including reasonable attorneys' fees and court costs; and (e) amounts in excess of your credit limit that we may lend you."

Lender filed suit against Borrower in general sessions court in January 2008 on a sworn account seeking $12,677.24 plus interest, attorney fees, and costs. Borrower filed a sworn denial. After a hearing in December 2008, the case was dismissed with prejudice. Lender sought a de novo appeal in circuit court.

After a failed attempt at arbitration, the case was heard in circuit court on March 23, 2011. Both parties were represented by counsel, but Borrower was not present at the hearing. As there is no transcript of the hearing, we rely on the statement of the evidence submitted by the trial court.[1] The only witness to testify was Angie Venator, an assistant vice president of default services for Lender. A copy of the Personal Credit Line Account Agreement between the parties was introduced as exhibit 1 to Venator's testimony. Exhibit 2 was a copy of a check for $2,965.01 issued to Borrower on March 13, 2006, with the notation "loan proceed check." Exhibit 3 was a ten-page computer printout consisting of various loan data, including dates of payments and amounts. According to the statement of the evidence, Venator "failed to explain the significance of this document as well as how to decipher this ten page document, which the Court found was not self-explanatory."

The statement of the evidence includes the following summary of Venator's subsequent testimony:

Angie Venator then stated that there was a *previous* loan extended to [Borrower] in the amount of $7,034.99. When this testimony was provided, it was the Court's understanding that the $7,034.99 was a loan which was made to [Borrower] *previously* and before [Lender] executed the personal credit line account agreement (exhibit #1) on 3/13/06.

The witness Angie Venator then testified that [Borrower] made six (6) payments . . . . The payments which were made by [Borrower] to [Lender] total $1,426.00.

The witness further testified there were two additional advances made to [Borrower] in the amounts of $1,200 and $200; however, there was no reference to any documentation, and the Court noted there was no explanation from the witness how she was in a position to provide this testimony.

---

[1]Lender submitted a proposed statement of the evidence, which was rejected by the trial court. The court submitted its own statement of the evidence. *See* Tenn. R. App. P. 24(c), (e).

The witness Angie Venator further testified that [Borrower] sent two additional payments as follows: [description of checks returned for insufficient funds].

The witness also testified [Borrower] owed [Lender] the following:

a. Principal–$12,677.24

b. Attorney's fees in the amount of $1,901.59

c. 22% interest rate which totals $11,425.67

d. All of which totals $26,004.50

The Court again noted that the witness provided no explanation for this testimony.

On cross-examination, Venator stated that she was a senior account representative, not vice president of default services, at the time when the transactions at issue occurred. She did not know who authorized the loan to Borrower or who signed the agreement, and she stated that she could not speak for the person who signed the agreement. Over objections from counsel for Borrower, the court allowed Venator to testify as a qualified custodian of records and admitted all three exhibits. Borrower presented no witnesses or other evidence.

In an order entered on April 29, 2011, the court entered judgment against Borrower in the amount of $3,679.90 (principal of $1,539.01[2], interest of $1,910.04, and attorney fees of $230.85) plus post-judgment interest and costs. The statement of the evidence provides the following explanation:

Based upon [Lender's] witness' testimony regarding the *previous* loan extended to [Borrower] for $7,034.99 and the failure of that witness to explain the significance of exhibit #3, which exhibit was not self-explanatory, the Court ruled that [Lender] failed to carry its burden of proof that [Borrower] had drawn any more than $2,965.01 on the $10,000.00 line of credit which was extended to [Borrower] on 3/13/06 (exhibit #1).
. . .

---

[2]This figure represents the principal amount of $2,965.01 minus payments of $1,426.00.

The Court ruled based upon an admission by a party opponent (the testimony of Angie Venator) that [Borrower] had repaid $1,426.00 of the $2,965.01 loan (draw on the line of credit).

The Court further ruled that there was nothing in the record to support [Lender's] testimony that two additional advances were made to [Borrower] in the amounts of $200 and $1,200.

The Court also noted that since [Lender's] records custodian Angie Venator failed to explain the significance of trial exhibit #3 as well as how to decipher that ten page document that the witness was unfamiliar enough with these records and unfamiliar enough with [Borrower's] account to be able to provide any explanation for any of the three exhibits which were not self-explanatory.

On appeal, Lender argues that the trial court erred in awarding it substantially less than the amount requested at trial.

## STANDARD OF REVIEW

We review a trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal–Mart Stores, Inc.,* 8 S.W.3d 625, 628 (Tenn.1999). The interpretation of a contract is a question of law. *Guiliano v. Cleo, Inc.,* 995 S.W.2d 88, 95 (Tenn.1999).

## ANALYSIS

Lender argues that the evidence presented at trial does not support the low amount of damages awarded. Lender emphasizes that Borrower did not put on any proof to challenge Lender's evidence.

As the plaintiff, Lender had the burden of proof to establish the elements of a breach of contract: "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tenn., Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). The element at issue in this case is the amount of damages, and the trial court found that Lender had only proven $3,679.00 in damages, not the $26,004.50 requested. The difference between these two figures reflects the trial court's decision not to include Lender's alleged $7,034.99 payment on a previous loan to Borrower and two advances totaling $1,400 (plus the interest on these amounts).

Lender submitted into evidence a copy of the $2,965.01 check that is the basis for the court's award but did not submit any other checks. Exhibit 3, a computer printout found by the trial court to be confusing, and the testimony of Venator failed to convince the trial court of other loan amounts. Lender did not offer any proof to establish the existence of another loan to Borrower. It should also be noted that the line of credit agreement signed by Borrower does not contemplate Lender using the funds to service previous loans without a request from Borrower. Given the proof presented at trial and the trial court's unique position to assess the credibility of the witness, we cannot say that the evidence preponderates against the trial court's decision.

CONCLUSION

The decision of the trial court is affirmed. Costs of appeal, for which execution may issue of necessary, are assessed against Lender.

_____
ANDY D. BENNETT, JUDGE